IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-15-606 |
| | * | |
| JAMES WEBB, JR. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM

James Webb, Jr. is a federal prisoner who is serving a 120-month sentence for drug trafficking. Now pending is Webb's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "compassionate release" statute), based on his particular vulnerability to COVID-19. (ECF 137). The government opposes the motion. (ECF 139), and Webb has replied, (ECF 141). For the reasons explained below, the motion will be denied.

### BACKGROUND

In 2015, Webb was the target of a drug investigation. (ECF 65 at 3 (Plea Agreement)). Between September and November 2015, investigators observed Webb frequenting an apartment in Parkville, Maryland, used to store heroin and cocaine prior to distribution. (*Id*.). On November 8, 2015, pursuant to a search warrant, police discovered large amounts of currency in Webb's home, and drug distribution paraphernalia in his stash location. (*Id*. at 4). A search of a storage unit associated with the stash location resulted in the seizure of more than 5000 grams of cocaine and more than 1000 grams of heroin. (*Id*.).

On June 28, 2016, Webb pled guilty to one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, and one kilogram of heroin, in violation of 21 U.S.C. § 846. (ECF 65 at 1). Prior to sentencing, Webb admitted that he was responsible for more than five kilograms each of cocaine and heroin. (ECF 79 at 2 (Defendant's

1

Sentencing Memorandum)).[1] On October 12, 2016, Webb was sentenced to 120 months' imprisonment, followed by a five-year term of supervised release. (ECF 82 (Judgment)).

Webb requests compassionate release on the basis that his underlying health conditions place him at greater risk of serious illness related to COVID-19. The government does not appear to contest that Webb's motion is properly before the court.[2] The only issues are (1) whether "extraordinary and compelling reasons" justify imposing a reduced sentence; and (2) if there is such a reason, whether the § 3553(a) factors weigh in favor of a sentence reduction.

## DISCUSSION

Under 28 U.S.C. § 994(t), the United States Sentencing Commission is responsible for defining "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). According to the Commission's Policy Statement, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the BOP. *See* U.S.S.G. §1B1.13 cmt. n.1(A)–(D). The BOP criteria for "other reasons" justifying a sentence reduction are set forth in Program Statement 5050.50 ("Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)"). As this court and others have held, however, the court possesses

---

[1] Webb maintained that he was responsible for less than 15 kilograms of cocaine and heroin, which was the government's position. (ECF 79 at 2 (Defendant's Sentencing Memorandum)).
[2] On May 27, 2020, Webb filed a request for a reduction in sentence with the warden of the BOP facility where he is incarcerated. (*See* ECF 137-2). The warden denied the motion. (*Id.*). This constitutes exhaustion of administrative remedies within the meaning of the compassionate release statute.

independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria—to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. Decator*, --- F. Supp. 3d ----, 2020 WL 1676219, at *3 (D. Md. Apr. 6, 2020) (citing cases).[3]

Webb asserts that he is eligible for compassionate release based on underlying health conditions (osteoarthritis, obesity, and family history of colon cancer) that increase his vulnerability to COVID-19. (ECF 137-1 at 8–13). The government disagrees, arguing that Webb's conditions do not rise to the level of an "extraordinary and compelling reason" for a sentence reduction. (ECF 139 at 17–18). It is clear, however, that Webb has at least one underlying condition—obesity—that the Centers for Disease Control ("CDC") has stated increases an individual's risk of serious illness related to COVID-19. *See Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated July 17, 2020). In some cases, courts in this district and elsewhere have found that the existence of such conditions provides grounds for compassionate release. *See, e.g., United States v. Cuevas*, No. GJH-16-451, 2020 WL 4436380, at *5 (D. Md. Aug. 3, 2020) (collecting cases).

Nevertheless, Webb's motion must be denied. The compassionate release statute provides that, before reducing a defendant's sentence for "extraordinary and compelling reasons," the court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." See 18 U.S.C. § 3582(c)(1)(A). Here, the § 3553(a) factors weigh against granting

---

[3] The court's independent discretion stems from the First Step Act of 2018, which, *inter alia*, amended 18 U.S.C. § 3582(c) with the stated goal of "increasing the use and transparency of compassionate release." *See* First Step Act § 603(b), Pub. L. No. 115-391, 132 Stat. 5194; *see also Decator*, 2020 WL 1676219, at *1–3 (explaining Policy Statement § 1B1.13's partial inconsistency with the First Step Act amendments to § 3582(c)).

relief. The court must consider Webb's history and characteristics, and also whether he poses a danger to the community. *See* § 3553(a)(1), (2)(C). Webb's offense involved a significant quantity of drugs, and this was not the first time Webb engaged in such conduct: his criminal history indicates that he served ten years in prison on a state drug trafficking charge, and he was on parole from the state offense when he committed the federal offense. (*See* Presentence Report ("PSR") ¶ 29)). Moreover, the court must ensure that a sentence reflects the seriousness of the offense, promotes respect for the law, and affords adequate deterrence. *See* § 3553(a)(2)(A)–(B). Webb has served less than half of his ten-year sentence, which is the mandatory minimum sentence for convictions involving this quantity of drugs. (*See* ECF 65 at 2 (Plea Agreement)). Accordingly, the court finds that the balance of the § 3553(a) factors weighs against granting compassionate release here.

## CONCLUSION

For the reasons explained above, Webb's motion for compassionate release (ECF 137) will be denied. The associated motions to seal (ECF 136, 138, 140) will be granted to protect the confidentiality of personal medical information. A separate order follows.

| | |
|---|---|
| 8/13/20 | /S/ |
| Date | Catherine C. Blake |
| | United States District Judge |

4