IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-15-606 |
| | * | |
| JAMES WEBB, JR. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM & ORDER**

Now pending is James Webb, Jr.'s motion seeking reconsideration of this court's decision to deny his request for compassionate release. (ECF 145). The motion for reconsideration and Webb's related correspondence (ECF 146) have been reviewed.

The court's denial of Webb's initial motion recognized the risk the coronavirus presented to him and indeed considered that risk an "extraordinary and compelling reason" for release. The applicable § 3553(a) factors, however, did not weigh in favor of release, (*see* ECF 142), and nothing presented by Webb in his filing changes that balance. Webb now argues that the court should reduce his sentence not to time-served, but to a term of years within Webb's initial guideline range of 87 to 108 months, before the 120-month mandatory minimum was applied, citing *United States v. Braxton*, No. CR JKB-09-478, 2020 WL 4748536, at *5 (D. Md. Aug. 17, 2020). *Braxton* involved unusual circumstances much different than those presented here. In that case, the court initially imposed a 138-month sentence for the possession of intent to distribute more than one kilogram of heroin. *Id.* at *1. Braxton appealed, and the Fourth Circuit vacated his guilty plea. Following remand, the government filed a notice of enhanced sentence pursuant to 21 U.S.C. § 851. Braxton proceeded to trial and was found guilty. Because of the § 851 enhancement, the court was required to impose a mandatory minimum of 240 months at Braxton's sentencing, even though such sentence was nearly twice the court's initial sentence and the court believed it to be

1

longer than necessary to serve the interests of justice. *Id.* On Braxton's motion for compassionate release, the court did not agree with Braxton that his immediate release was appropriate under the § 3553(a) factors but, recognizing the "highly unusual procedural history wherein [the court's earlier] proportionate sentence was vacated and a much longer mandatory minimum sentence imposed," the motion "freed the court from the restrictive mandatory minimum" and the court exercised its discretion to reduce Braxton's sentence to a total of 168 months. *Id.* at *5. Here, Webb's guideline range was only slightly lower than the 120 months the court was required to impose, and the court remains of the view that the sentence imposed adequately reflects the seriousness of the offense, promotes respect for the law, and affords adequate deterrence. See § 3553(a)(2)(A)–(B).

In summary, while the court is sympathetic to Webb's concern that he is at risk of serious illness related to COVID-19, he has shown no basis for reconsideration at this time. The motion for reconsideration is Denied.

So Ordered this __7th__ day of May, 2021.

                                            _____/S/_____
                                            Catherine C. Blake
                                            United States District Judge